UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
EMMANUEL DENIS,

                Plaintiff,                                **COMPLAINT**

    -against-

THE COUNTY OF NASSAU, P.O. KIERAN HEALEY,    **JURY TRIAL DEMANDED**
Shield No. 3755, Individually and in his Official Capacity,
and "JOHN DOE" #1-10, Individually and in their Official
Capacities, (the name "John Doe" being fictitious, as the    **ECF CASE**
true names are presently unknown),

                Defendants.
------------------------------------------------------------------------X

       Plaintiff, EMMANUEL DENIS, by his attorney, Jon L. Norinsberg, Esq., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

       1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

       2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

       3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

       4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

1

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff is an African-American male and was at all relevant times a resident of the County of Nassau, in the State of New York.

7.      Defendant, THE COUNTY OF NASSAU, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, THE COUNTY OF NASSAU, maintains the Nassau County Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the County of Nassau.

9.      At all times hereinafter mentioned, the individually named defendants KIERAN HEALEY and "JOHN DOE" #1 through #10, (the name "John Doe" being fictitious, as the true names are presently unknown), were Nassau County Police Officers acting in the course of their employment with defendant THE COUNTY OF NASSAU, in furtherance of the business of the defendant THE COUNTY OF NASSAU, and under color of State law.

10.     At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the County of Nassau.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant COUNTY OF NASSAU.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant County of Nassau.

## FACTS

13. On or about February 6, 2017, at approximately 7:45 A.M., in the County of Nassau and the State of New York, plaintiff EMMANUEL DENIS was walking on Roosevelt Avenue in Valley Stream, NY.

14. While walking, plaintiff EMMANUEL DENIS ran into a friend names "Yussef".

15. As plaintiff EMMANUEL DENIS was speaking with his friend, defendant police officers approached plaintiff and threw him to the ground.

16. Thereafter, defendant police officers immediately and unlawfully placed plaintiff EMMANUEL DENIS under arrest.

17. Defendants immediately performed a search of plaintiff EMMANUEL DENIS, finding no narcotics whatsoever, and currency totaling two (2) dollars.

18. Nevertheless, defendants arrested plaintiff EMMANUEL DENIS for, *inter alia*, Criminal Sale of a Controlled Substance in the Third Degree.

19. At no time on February 6, 2017 did plaintiff ever *possess* a controlled substance, much less sell any controlled substance.

20. In connection with this unlawful arrest, defendant P.O. KIERAN HEALEY made false statements to the Nassau County District Attorney's Office.

21. Specifically, P.O. HEALEY told prosecutors, *inter alia,* that he observed plaintiff EMMANUL DENNIS sell heroin.

22. At his arraignment, plaintiff EMMANUEL DENIS had a bail set far beyond his means based on the false and misleading claims of P.O. Healey.

23. Plaintiff EMMANUEL DENIS was then imprisoned and incarcerated for approximately three (3) months.

24. All charges were dismissed against plaintiff EMMANUEL DENIS on May 2, 2017, after an examination of the purported narcotics found on Yussef came back negative.

### AS AND FOR A FIRST CAUSE OF ACTION
### (False Arrest under 42 U.S.C. §1983)

25. Plaintiff EMMANUL DENIS repeats and realleges each and every allegation in paragraphs "1" through "24" of this Complaint as if the same were more fully set forth at length herein.

26. As a result of the aforesaid conduct by defendants, Plaintiff EMMANUL DENIS was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants.

27. The aforesaid actions by the defendants constituted a deprivation of the Plaintiff's rights, privileges and/or immunities secured by the Constitution and laws of the United States of America.

28. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (Malicious Prosecution Under 42 U.S.C. § 1983)

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. Defendants misrepresented and falsified evidence before the District Attorney.

31. Defendants did not make a complete and full statement of facts to the District Attorney.

32. Defendants withheld exculpatory evidence from the District Attorney.

33. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff EMMANUEL DENIS.

34. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff EMMANUEL DENIS.

35. Defendants acted with malice in initiating criminal proceedings against Plaintiff EMMANUEL DENIS.

36. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff EMMANUEL DENIS.

37. Defendants lacked probable cause to continue criminal proceedings against Plaintiff EMMANUEL DENIS.

38. Defendants acted with malice in continuing criminal proceedings against Plaintiff EMMANUEL DENIS.

39. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

40. Despite defendants conduct, all charges against plaintiff EMMANUEL DENIS were dismissed on May 2, 2017.

41. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### AS AND FOR A THIRD CLAIM FOR RELIEF
**(Denial of Constitutional Right To Fair Trial Under 42 U.S.C. § 1983)**

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "41" as if the same were more fully set forth at length herein.

43. Defendants created false evidence against Plaintiff EMMANUEL DENIS.

44. Defendants forwarded false evidence and false information to prosecutors in the Nassau County District Attorney's Office.

45. In creating false evidence against Plaintiff EMMANUEL DENIS, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

46. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
**(Malicious Abuse Of Process Under 42 U.S.C. § 1983)**

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. The aforementioned individual defendants issued legal process to place Plaintiff EMMANUL DENIS under arrest.

49. The aforementioned individual defendants arrest Plaintiff EMMANUL DENIS in order to obtain a collateral objective outside the legitimate ends of the legal process.

50. The aforementioned individual defendants acted with intent to do harm to Plaintiff EMMANUEL DENIS, without excuse or justification.

51. As a result of the foregoing, Plaintiff EMMANUL DENIS sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

52. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

**WHEREFORE**, plaintiff EMMANUEL DENIS demands judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
      August 11, 2017

                                      JON L. NORINSBERG
                                      Attorney for Plaintiff
                                      225 Broadway, Suite 2700
                                      New York, New York 10007
                                      (212) 791-5396